IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Concordia Pharmaceuticals Inc., S.A.R.L., )
Advanz Pharma Corp (f/k/a Concordia )
International Corp.), and ) C.A. No. 6:18-1658-HMH
Concordia Pharmaceuticals (US) Inc., )
 )
 )
            Plaintiffs and )
            Counter Defendants, )
 )
  vs. )
 )
Lazarus Pharmaceuticals, Inc., Mark )
Thompson, and Jean Paul Laurin, )
 )
            Defendants and )
            Counter Claimants. )

---

 )
Concordia Pharmaceuticals Inc. and ) C.A. No. 6:18-704-HMH-JDA
Concordia Pharmaceuticals (US) Inc., )
 )
            Plaintiffs, )
 )
  vs. )
 )
Christopher Blake Kelley, ) **OPINION & ORDER**
 )
            Defendant. )
 )

      This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1] Concordia Pharmaceuticals, Inc., Advanz

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. See Mathews v. Weber, 423

1

Pharma Corp. (f/k/a/ Concordia International Corp.), and Concordia Pharmaceuticals (US), Inc. (collectively "Concordia"), plaintiffs and counter defendants in Civil Action Number 6:18-1658-HMH-JDA, filed a motion to dismiss and strike counterclaims, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. (Mot. Dismiss, ECF No. 102.) Magistrate Judge Austin recommends granting Concordia's motion to dismiss and strike counterclaims, denying Defendants' request to amend their answer, and denying Defendants' motion for oral argument. For the reasons set forth below, the court grants Concordia's motion to dismiss, dismisses Concordia's motion to strike as moot, and denies Defendants' motion for oral argument.

### I. FACTUAL AND PROCEDURAL HISTORY

This action arises out of Lazarus Pharmaceuticals, Inc.'s ("Lazarus") manufacturing and selling of a pharmaceutical phenobarbital and belladonna alkaloids ("PBA") elixir used for the treatment of irritable bowel syndrome. (Am. Compl. ¶¶ 1, 19, ECF No. 80.) Concordia distributes and markets Donnatal pharmaceutical products, which also contain PBA, to treat irritable bowel syndrome. (Id. ¶¶ 15-17, ECF No. 80.) Concordia alleges that Lazarus is "seeking to exploit the success of Donnatal Elixir by manufacturing and marketing a 'knock-off' PBA elixir while aided by intellectual property wrongfully obtained from Plaintiffs." (Id. ¶ 19, ECF No. 80.) Defendant Mark Thompson ("Thompson") is the founder and former chief executive officer of Concordia International. (Id. ¶¶ 72-73, ECF No. 80.) Defendant Jean Paul Laurin ("Laurin") is the former vice president of Concordia International. (Id. ¶ 75, ECF No.

---

U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

2

80.) After leaving Concordia, Thompson founded Lazarus, and Laurin is employed by Lazarus. (Am. Compl. ¶¶ 72-79, ECF No. 80.)

Concordia filed an amended complaint on February 1, 2019. (Id., ECF No. 80.) On February 15, 2019, Defendants filed their answer and counterclaims against Concordia. (Answer & Countercl., ECF No. 94.) On March 8, 2019, Defendants filed their amended answer and counterclaims. (Am. Answer & Countercl., ECF No. 96.) Defendants allege counterclaims for (1) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, *et seq.*, (2) abuse of process, and (3) bad faith claim of misappropriation of trade secrets. (Id. ¶¶ 349-71, ECF No. 96.) On March 29, 2019, Concordia filed a motion to dismiss and strike Defendants' counterclaims. (Mot. Dismiss, ECF No. 102.) On April 12, 2019, Defendants filed their response in opposition. (Resp. Opp'n Mot. Dismiss, ECF No. 104.) On April 19, 2019, Concordia filed its reply. (Reply, ECF No. 107.)

On April 29, 2019, Defendants filed a motion requesting oral argument on Concordia's motion to dismiss. (Mot. Hr'g, ECF No. 108.) On May 3, 2019, Concordia filed a response in opposition. (Resp. Opp'n Mot. Hr'g, ECF No. 112.) Magistrate Judge Austin issued her Report and Recommendation on May 17, 2019. (R&R, generally, ECF No. 115.) Defendants filed objections to the Report and Recommendation on May 31, 2019. (Objs., ECF No. 121.) Concordia filed its reply to the objections on June 14, 2019. (Reply Objs., ECF No. 126.) These matters are now ripe for review.

## II. DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4

## 2. Motion to Strike

Federal Rule of Civil Procedure 12(f) authorizes the court to "strike from the pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When presented with a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." Clark v. Milam, 152 F.R.D. 66, 71 (S.D. W. Va. 1993). A motion to strike is a drastic remedy that is disfavored by courts. Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

## B. Objections

Defendants filed objections to the Report and Recommendation. (Objs., generally, ECF No. 121.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants specifically object to the magistrate judge's conclusions that,

(1) Defendants were required to obtain leave from the [c]ourt to allege the counterclaims in their Answer to the Amended Complaint and Amended Answer;

(2) Defendants failed to sufficiently plead entitlement to relief under their South Carolina Unfair Trade Practices Act ("SCUTPA") counterclaim;

(3) Affording Defendants leave to amend their pleadings to add their SCUTPA counterclaim would be futile; and

(4) Plaintiffs' Motion to Dismiss and Strike was timely filed.

5

(Objs. 2, ECF No. 121.)  Defendants did not specifically object to the magistrate judge's conclusion that the second and third counterclaims failed to state a claim.

**1. Timeliness of Concordia's Motion**

In their fourth objection, Defendants object to the magistrate judge's conclusion that Concordia's motion is timely under Rule 12(f).  (Id. 12, ECF No. 121.)  Defendants submit that Concordia's motion is untimely and should be stricken by the court.  (Id., ECF No. 121.)  Pursuant to Rules 12(a)(1)(B) and 15(a)(3) of the Federal Rules of Civil Procedure, Concordia's answer or response to Defendants' counterclaims was due by March 22, 2019.  In lieu of an answer, Concordia filed its motion to dismiss and strike counterclaims on March 29, 2019, seven days past the deadline.  The court will evaluate the timeliness of the motion to dismiss filed in lieu of an answer as it would an untimely answer.

Although Concordia is technically in default, an entry of default has not been entered, and the Defendants have not filed a motion for default.  Moreover, even if a default had been entered, the court would have excused it.  See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) ("[The Fourth Circuit has] repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); Terry v. Swift Transp., 1:16cv256, 2017 WL 4236923, at *5 (M.D.N.C. Sept. 22, 2017) (unpublished) (excusing untimeliness of answer to amended complaint filed seven days past deadline when there had been no request for entry of default); Mitchell v. First Cent. Bank, Inc., Civil Action No. 2:08CV6, 2008 WL 4145451, at *2 (N.D.W.V. Sep. 8, 2008) (unpublished) ("[I]t is recognized that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few

days."). Accordingly, the court excuses the untimeliness of Concordia's motion and considers the motion to dismiss on the merits.

## 2. SCUTPA

In their second objection, Defendants object to the magistrate judge's conclusion that they failed to sufficiently plead the damages element of the SCUTPA counterclaim. (Objs. 7, ECF No. 121.) In order to establish a SCUTPA violation, a plaintiff must demonstrate

> (1) that the defendant has engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.

Havird Oil Co., Inc. v. Marathon Oil Co., Inc., 149 F.3d 283, 291 (4th Cir. 1998). The alleged unlawful trade practice must be "in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a).

In the SCUTPA counterclaim, Defendants assert that Concordia's actions in (1) filing the instant action and (2) conducting a 2016 "letter writing campaign" regarding the regulatory status of Donnatal and another company's product, "continue to cause actual and ascertainable damages to Counterclaim Plaintiffs, including the hindrance of their entry, maintenance, and growth in the marketplace," and that "the potential harm to Counterclaim Plaintiffs is at least $75,000.00." (Am. Answer & Countercl. ¶ 357, ECF No. 96.) These allegations are too speculative to sufficiently allege "actual and ascertainable damages" under SCUTPA. See Twombly, 550 U.S. at 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and noting that "on a motion to dismiss, courts 'are not

bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Moreover, Defendants assert that Concordia sent letters to drug distributors in 2016 regarding the regulatory status of Donnatal and another company's PBA product, and that these letters constitute an unfair trade practice. (Am. Answer & Countercl. ¶¶ 323-30, ECF No. 96.) However, these letters were not about Lazarus or its PBA product. (See id. Ex. 3 (Nov. 4, 2016 Letter), ECF No. 96-3.) Additionally, the letters were sent in 2016, before Lazarus' formation in 2017, and while Defendants Thompson and Laurin were employed by Concordia. Defendants have failed to allege how these letters damaged Lazarus, Thompson, or Laurin.

Finally, although not specifically addressed in the Report and Recommendation, the alleged unfair trade practice of filing the instant action is insufficient to satisfy the first element of the SCUTPA claim. For conduct to be actionable under SCUTPA, the alleged unfair trade practice must be "in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20. Filing a lawsuit is not "in the conduct of any trade or commerce." See Allora, LLC v. Willoughby Family Investments, LLC, 4:06-cv-1575-RBH, 2007 WL 2822907, at *3 (D.S.C. Sept. 27, 2007) (unpublished) ("The plain and unambiguous language of the SCUTPA indicates no intent by the S.C. General Assembly that the SCUTPA be used as a safeguard against 'frivolous' lawsuits . . . .").

Accordingly, viewing the factual allegations in the light most favorable to Defendants, Defendants' failed to adequately plead a SCUTPA claim, and this objection is without merit.

### III. CONCLUSION

Having found that Defendants failed to state a claim under SCUTPA and considering that Defendants did not specifically object to the magistrate judge's conclusion that they failed to state a claim as to counterclaims two and three, the court grants Concordia's motion to dismiss. Having granted the motion to dismiss, it is unnecessary to address the motion to strike or Defendants' remaining objections as to the magistrate judge's conclusions regarding the motion to strike. Accordingly, the motion to strike is dismissed as moot. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the portions of Magistrate Judge Austin's Report and Recommendation consistent with this opinion.

It is therefore

**ORDERED** that Concordia's motion to dismiss, docket number 102, is granted. It is further

**ORDERED** that Concordia's motion to strike, docket number 102, is dismissed as moot. It is further

**ORDERED** that Defendants' motion for oral argument, docket number 108, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 17, 2019